UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JAMES DIDIER,

        Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC: et.al.,

        Defendants.

Case No. 2:16–cv–554–JAD–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND COMPLAINT (DOC. #1-1)

    Before the court are Didier's application to proceed *in forma pauperis* (Doc. #1) and complaint (Doc. #1-1). For the reasons stated below, Didier's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Didier's complaint be dismissed with leave to amend.

**I. Discussion**

    Plaintiff's filings present two questions: (1) whether Didier may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether the court has subject-matter jurisdiction over Didier's claims. Each is discussed below.

1. Didier May Proceed *In Forma Pauperis*

    Didier's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Didier submitted a financial affidavit. (Doc. #1). According to the affidavit, Didier receives $3,000 per month in income, but has $5,050 in monthly expenses. Didier's application to proceed *in forma pauperis* is, therefore, granted.

/// /// ///

## II. Legal Standard

1. <u>The Court Lacks Subject-Matter Jurisdiction Over Didier's Claims</u>

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

      a.    *The Court Lacks Diversity Jurisdiction*

A federal court may hear civil actions where: (1) the amount in controversy exceeds $75,000 and (2) the action "is between citizens of different States." 28 U.S.C. § 1332. "A corporation is a citizen of the state where it is incorporated and where it has its principal place of business." *Hintze v. Pershing Direct Brokerage Servs.*, 940 F.2d 668 (9th Cir. 1991). "An individual is a citizen of the state in which he or she is domiciled." *Id.* "A person is 'domiciled' in a location where she has established a fixed habitation or abode and intends to remain indefinitely." *Safeco. Ins. Co. v. Mirczak*, 662 F.Supp. 1155, 1157 (D. Nev. 1987).

Here, Didier fails to allege the citizenship of any of the Defendants in this action. Without allegations regarding the Defendants' citizenship, the court is unable to determine whether Didier's claims against the Defendants invoke the court's diversity jurisdiction.

      b.    *The Court Lacks Federal-Question Jurisdiction*

"Federal courts may exercise federal-question jurisdiction over an action in two situations." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). "First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* "Thus the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Id.*

"Second, a federal court may have such jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Id.* "Such a federal issue must be 'substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 1086-87.

Here, Didier fails to invoke the court's federal question jurisdiction as none of his claims allege that the Defendants violated a federal statute or Didier's rights under the United States Constitution. Thus Didier's claims fail to invoke the court's federal-question jurisdiction.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Didier's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (Doc. #1-1).

IT IS FURTHER ORDERED that Didier is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Didier's complaint (Doc. #1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(d)(2).

/// /// ///

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 22nd day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE