**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James Didier, | 2:16-cv-00554-JAD-VCF |
| Plaintiff | |
| v. | **Order Denying Motion for Extension of Time to File Amended Complaint, Expunging Lis Pendens, and Closing Case** |
| Nationstar Mortgage, LLC, et al, | |
| Defendants | [ECF No. 6] |

Pro se defendant James Didier sues Nationstar Mortgage, LLC and others for wrongful foreclosure and "Damages over $50,000."[1]  I dismissed his complaint because it does not allege facts to support federal-court jurisdiction over these claims, and I gave Didier until May 2, 2016, to file an amended complaint to cure this defect.[2]  Didier did not file an amended complaint by that deadline, but four days after the deadline passed, he filed a motion to extend it.[3]

Local Rule IA 6-1 governs motions to extend time.  Subsection (a) of that rule states, "A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."  Likely unaware of the rule,[4] Didier did not demonstrate excusable neglect

---

[1] ECF No. 1-1.

[2] ECF No. 3, 5.

[3] ECF No. 6.

[4] All parties—including those who have not retained or cannot afford to retain an attorney—must follow the rules.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

for his delay in seeking an extension of time.[5]  Although he states that he attempted to contact opposing counsel to no avail, he does not say when he made those attempts or why he could not file this motion by the May 2, 2016, deadline.[6]

Accordingly, because Mr. Didier has not shown that his failure to seek an extension of time was the result of excusable neglect, his Request for Extension of Time to File an Amended Complaint **[ECF No. 6] is DENIED.**

And because I previously ordered that "If Didier does not file an amended complaint" by May 2, 2016, "his complaint will be dismissed" without further notice,[7] and no amended complaint has been filed, IT IS FURTHER ORDERED that **this action is DISMISSED**, and because this lawsuit is no longer pending, Didier's Notice of Lis Pendens recorded on March 24, 2016 against the real property described as 7145 W. Landberg Ave., Las Vegas, Nevada 89178, APN 176-27-501-109 as instrument number 20160324-0002530 **[ECF No. 4] is cancelled, expunged, and released in full.**  This cancellation has the same effect as an expungement of the original notice.

**All other pending motions are denied as moot**, and the Clerk of Court is directed to **close this case.**

Dated:  May 19, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] ECF No. 6.

[6] *Id*. at 2.

[7] ECF No. 5.

2